IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CV-00186-BR

| | |
|---|---|
| **Olivia Neal**, | |
| Plaintiff, | |
| v. | **Order** |
| **East Carolina University**, | |
| Defendant. | |

Plaintiff Olivia Neal was, at one point, a student in Defendant East Carolina University's Masters in Social Work program. After ECU terminated her from the program, she sued and claimed that the University discriminated against her because of a mental health condition and breach the terms of its contract with her. The parties have engaged in discovery over the last several months but disagree over whether Neal has responded appropriately to some of ECU's requests. ECU has now asked the court to compel Neal to provide additional supplemental responses to interrogatories and requests for admission and deem that Neal has admitted one of its requests for admission. After reviewing Neal's responses, the court grants ECU's motion in part and denies it in part.

**I.     Analysis**

In general the Federal Rules allow parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). The Rules also provide several tools to conduct discovery, including interrogatories, requests for admission, and requests for production of documents. *See* Fed. R. Civ. P. 33–36. Inevitably, disagreements arise about whether a party has adequately responded to a discovery request and whether the response complies with the Rules' requirements. In such a

circumstance, the requesting party may ask the court to compel the requesting party to comply with the Rules. Fed. R. Civ. P. 37(a). The party resisting or objecting to discovery "bears the burden of showing why [the motion to compel] should not be granted." *Mainstreet Collection, Inc.* v. *Kirklands, Inc.*, 270 F.R.D. 238, 241 (E.D.N.C. 2010). To meet this burden, the non-moving party "must make a particularized showing of why discovery should be denied, and conclusory or generalized statements fail to satisfy this burden as a matter of law." *Id.*

There are a couple of aspects of the Federal Rules that deserve attention at the outset of the court's analysis of this dispute.

To begin with, the Federal Rules require that a party responding to a document request to do more than just produce those documents that are readily accessible to it. Instead, the responding party must produce responsive documents "in the responding party's possession, custody, or control[.]" Fed. R. Civ. P. 34(a)(1). The requirement that a party must produce responsive documents that are within its control means that sometimes the responding party will need to obtain documents from third-parties to comply with its discovery obligations. *See Poole ex rel. Elliott* v. *Textron, Inc.*, 192 F.R.D. 494, 501 (D. Md. 2000) (explaining that a document is within a party's control "[a]s long as the party has the legal right or ability to obtain the documents from another source on demand[.]"). For example, this court has held that "a party has control of documents where a party's attorney or former attorney has control, custody, or possession of those documents." *Beach Mart, Inc.* v. *L&L Wings, Inc.*, 302 F.R.D. 396, 411 (E.D.N.C. 2014).

And it is also important to remember that a party's duties related to its discovery responses are not complete when it serves them. The Federal Rules explain that a party "who has responded to an interrogatory, request for production, or request for admission ... must supplement or correct

its … response ... in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect" unless the supplemental information has otherwise been provided "during the discovery process or in writing." Fed. R. Civ. P. 26(e). If a party fails to comply with its duty to supplement its responses, it cannot "use that information … to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." *Id.* 37(c)(1).

With these provisions in mind, the court will turn to each of the disputed discovery requests.

### a. Request for Admission

In its fifteenth request for admission, ECU asks Neal to admit that she did not turn in a "final learning agreement" assignment by the required deadline. In response, Neal states that "[t]his is not denied; however the deadline was waived and the learning agreement was accepted." ECU asks the court to address whether Neal's response constitutes an admission.

Rule 36 of the Federal Rules of Civil Procedure governs requests for admission. Unless a request is objectionable, a party must respond by admitting the substance of the request, "specifically deny it[,] or state in detail why the answering party cannot truthfully admit or deny it." Fed. R. Civ. P. 36(a)(4). A requesting party that is dissatisfied with a response may ask the court to "determine the sufficiency of an answer." Fed. R. Civ. P. 36(a)(6). If the court finds that a response does not comply with Rule 36, it may "order either that the matter is admitted or that an amended answer be served."

Neal has not admitted the substance of the request, specifically denied it, or explained why she cannot answer it. Instead, she has chosen a hybrid approach of saying that she does not deny the request and then attempts to justify her conduct. Although any reader would understand what

3

Neal is saying, her response does not comply with the Rules of Civil Procedure. Thus, the court orders that Request for Admission is admitted. This does not, of course, prohibit Neal from trying to justify her failure to submit the final learning agreement at a later point in this proceeding.

### b. Interrogatories

In Interrogatory 3, ECU asks Neal to explain the damages she seeks to recover from the defendants. In her original response, Neal stated that she "has not yet calculated her economic monetary damages" because they depend on an expert report "calculating the value of the MSW degree over" time. Pl.'s Resp. to Def.'s First Set of Discovery Reqs. at 5–6, D.E. 28–3. She also claimed that her "non-economic damages are not presently subject to ready calculation." *Id.* In a supplemental response served after ECU moved to compel, Neal provided a detailed description of her direct economic damages but continued to maintain that her economic damages were not "subject to ready calculation" and "will be in the discretion of the jury." Pl.'s Suppl. Resp. to Def.'s First Set of Discovery Reqs. at 1–2, D.E. 31–3. At the hearing on ECU's motion to compel, the University claimed that it was now satisfied with the response. Thus, the court denies the motion to compel as moot with respect to Interrogatory 3.

In Interrogatory 6, ECU seeks the name, contact information, and dates of treatment for every medical or mental health provider Neal has seen for any condition during the last 20 years. Neal objected to this interrogatory, claiming that it was overbroad both in terms of the time period covered by the request and the fact that it sought all treatment for any reason instead of simply mental health issues. After objecting, identified a number of providers, claimed she was producing records (but failed to attach them to the responses), and indicated she was seeking additional records. The parties later agreed to limit the interrogatory to a 10-year period. In her supplemental response, Neal identified several other providers, produced medical records, and said that she

would provide additional records. Prior to the hearing on ECU's motion, Neil provided additional medical records.

At the hearing, ECU claimed that it has not received medical records related to motor vehicle accidents which allegedly implicated Neal's mental health status and records related to an involuntary commitment. To the extent that there are additional, unproduced medical records in Neal's possession, custody, or control that discuss, involve, or relate to Neal's mental health or mental health care and fall within the time period agreed to by the parties, the court orders Neal to produce them.

ECU's eighth interrogatory requests that Neal "[l]ist all medications that have been proscribed to [her]" in the 10 years before she filed the complaint along with the name and contact information for the pharmacy that filled the prescription. Neal identified medications and pharmacies in response. She also produced some pharmacy records in response to this interrogatory. ECU complains that "it is unclear when the medications listed were prescribed, and which pharmacy filled the prescriptions." D.E 28–4 at 2. The interrogatory does not ask Neal to identify when each medication was prescribed or to identify which pharmacy filled which prescription. Thus, the court denies the motion to compel as to Interrogatory 8.

Interrogatory 16 seeks the factual and legal basis behind Neal's breach of contract claim.[1] It also asks for "any evidence" supporting her claim and any damages Neal claims that she suffered. Neal's original and supplemental responses explain that she believes that she entered a contract with ECU when she applied for and was admitted to the Masters of Social Work program.

---

[1] The Federal Rules provide that "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact[.]" Fed. R. Civ. P. 33(a)(2).

5

While Neal acknowledges the lack of a single, comprehensive document that constitutes a contract, she claims that the terms of the contract are included in various documents, which she identifies in her interrogatory response. As for damages, Neal refers ECU to her response to Interrogatory 3. After reviewing the response, the court orders Neal to supplement her response to identify all the documents that she contends establish the terms of her contract with ECU and the specific portions of the documents that contain the contractual terms. She shall also specifically state how ECU allegedly breached each contractual provision.

Interrogatory 17 asks Neal why she believes that ECU's Academic Regulations and the Graduate School Appeals Procedure can be the basis for a contract between Neal and ECU when the Academic Regulations explicitly disclaim the creation of a contractual relationship. Much like her response to Interrogatory 16, Neal claims that these documents and others provided the terms of a contract between Neal and the University. If Neal's response to this interrogatory includes additional documents and information beyond that included in the supplement ordered by the court for Interrogatory 16, she shall similarly supplement her response to this interrogatory.

### c. Requests for Production

ECU's first and second requests for production and Neal's responses are similar. In Request for Production 1, ECU seeks all documents Neal relied on in preparing her responses to its discovery requests. At the hearing on this matter, ECU claimed that it was now satisfied with Neal's response. Thus, the court will deny the motion to compel with respect to Request for Production 1.

In Request for Production 2, ECU asks Neal for all documents which "support, depict[,] or relate to" the allegations in the complaint, ECU's answer, and her discovery responses. At first

Neal objected to producing documents in response to either Request based on the attorney-client privilege and work-product doctrine. But she then withdrew that objection and produced what she claimed to be the universe of responsive documents. At the hearing ECU contends that it had not received documents related to Neal's student loans, which relates to her claim damages related to her tuition payments. To the extent that there are additional, unproduced records in Neal's possession, custody, or control that support, depict, or relate to Neal's student loans or are otherwise responsive to this request, Neal must produce them.

ECU's third request for production seeks any diaries or other written records Neal may have kept that "in any way memorialize, chronicle, or report the events" in the Complaint. Neal's original response says that she will supplement her response to include responsive documents. It appears that Neal has produced what she believes to be the responsive documents in her possession, custody, or control. Thus, the court denies the motion to compel with respect to Request for Production 3.

In Request for Production 7, ECU seeks documents supporting Neal's claim for damages. Neal's produced tax records as part of her original response. She also referred ECU to her response Request for Production 3 and noted that she would likely produce additional records with her expert disclosures. In her supplemental response, she produced additional documents and asserted that she had produced all responsive records. Given that Neal has produced all the documents she contends are relevant to her damages, the motion to compel will be denied as moot as to Request for Production 7. But the court cautions Neal that if she attempts to rely on unproduced records at a later time, the court may decline to consider or admit them. *See* Fed. R. Civ. P. 37(c)(1).

ECU's eighth Request for Production asks for all records that Neal has "obtained or received from any person or entity" relating "to any disability alleged in the Complaint." Neal claims that after her supplemental response she has produced all responsive records. Thus, the court denies the motion to compel as moot as to Request for Production 8.

Request for Production 11 asks Neal to produce "[a]ny and all school and employment records" from five years before the allegations in the complaint until present. Neal claims that she has produced all records in her possession. She also claims she has requested additional records and will produce them promptly when she receives them. Thus, the court denies the motion to compel as moot as to Request for Production 11.

Request for Production 12 seeks all communications between current or former ECU students that relate to the allegations in the complaint. Neal claims that after her supplemental response she has produced all responsive documents that she has been able to locate. She continues to search for additional responsive documents. At the hearing, Neal's counsel stated that Neal was manually searching an email account for responsive documents. The court orders that Neal shall complete this review and produce any responsive documents by the deadline set out below.

Request for Production 13 seeks all social media postings Neal may have made related to the allegations in the Complaint. She contends that she has reviewed her social media accounts and has found no responsive documents. Thus, the court denies the motion to compel as moot as to Request for Production 13.

## II.  Conclusion

ECU's motion to compel is granted in part and denied in part as stated above. Neal shall supplement her responses as follows:

1. Neal shall serve her supplemental interrogatory responses within 10 days from the date of entry of this order.

2. With respect to documents that are currently in Neal's possession or custody (other than those contained in an email account), Neal shall serve the additional responsive documents on ECU within 5 days from the date of entry of this order.

3. With respect to Neal's email accounts, she shall complete her review of these accounts and produce responsive documents within 10 days from the date of entry of this order.

4. With respect to responsive documents that are within Neal's control, but are in the physical possession or custody of a third party, Neal shall request those documents by subpoena as soon as possible, but no later than 14 days from the date of entry of this order. If a third-party will require a release to produce records, Neal's request shall include the release. Neal need not use a subpoena to obtain documents if they are readily available from a website or her counsel has a good-faith basis to believe that another method would obtain the documents within 28 days from the date of entry of this order.

5. Neal shall produce any additional responsive documents (whether obtained as a result of a subpoena or otherwise) to ECU within 5 days from the date Neal receives the records.

The court also denies the Motion for Leave to File an Amended Response (D.E. 33) and the Motion for Leave to file a Reply (D.E. 32).

Each party shall bear their own costs related to this motion.

Dated: April 29, 2019

_____
Robert T. Numbers, II
United States Magistrate Judge